**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BARTLEY MULLEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC and SIX CONTINENTS HOTELS, INC.,<br><br>    Defendants. | Case No.  2:20-cv-1718 |

**CLASS ACTION COMPLAINT**

Plaintiff, Bartley Mullen ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against InterContinental Hotels Group Resources, LLC and Six Continents Hotels, Inc. (collectively, "Defendants" or "IHG"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and its implementing regulations (the "ADA"). Plaintiff seeks declaratory and injunctive relief, attorneys' fees, expenses and costs.

**INTRODUCTION**

1.      Defendants franchise, manage, own, and have the right to control the website and reservation system for a network of hotels under the trade names of "InterContinental, Regent Hotels, Six Senses Hotels, Kimpton Hotels and Resorts, Hualuxe, Crowne Plaza, voco Hotels, Hotel Indigo, Holiday Inn, Holiday Inn Express, Holiday Inn club vacations, avid, Candlewood Suites, EVEN Hotels, and Staybridge Suites" (referred to as "hotels" throughout).

2.      Although Defendants suggest that "whether you're travelling for business, fun with friends and family, or pure luxury, we have a hotel for you"[1], the inadequacy of Defendants'

---
[1]  https://www.ihg.com/content/us/en/about/brands (accessed on November 9, 2020).

website renders it impossible to ascertain whether Defendants "have a hotel" for potential guests who have disabilities. Specifically, Defendants fail to provide sufficient information to individuals with disabilities through their website and reservation service to permit those individuals to reasonably and independently assess whether Defendants' hotels meet their needs in the same manner as individuals who do not need accessible rooms.

3.      In failing to provide this required information, Defendants have engaged in illegal discrimination, excluded and deterred individuals with disabilities from patronizing Defendants' hotels, and denied individuals with disabilities full and equal access to the goods, services, facilities, privileges, advantages, and accommodations that Defendants offer to individuals without disabilities.

4.      Defendants' discrimination violated and continues to violate Title III of the ADA, and unless Defendants are required to change their policies and practices so that Defendants' goods, services, facilities, privileges, advantages, and accommodations are accessible to individuals with disabilities, Plaintiff and the proposed class will continue to be denied full and equal access to Defendants' hotels and will be deterred from using Defendants' hotels.

5.      In accordance with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

   a) Defendants change their policies and practices necessary to afford all offered goods, services, facilities, privileges, advantages, and accommodations to individuals with disabilities;

   b) Defendants take all steps necessary to provide all necessary information and to bring their hotels into full compliance with the ADA's requirements so that Defendants' website and online reservation systems are fully accessible to, and independently usable by, individuals who use wheelchairs or scooters; and,

   c) Plaintiff's representatives shall monitor Defendants' website and online reservation system to ensure that the injunctive relief ordered pursuant to this Complaint has been implemented and will remain in place.

6.     Plaintiff's claims for permanent injunctive relief are asserted as class claims

pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil

rights cases where the plaintiff seeks injunctive relief for his or her own benefit and the benefit of

a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23

states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party
> has taken action or refused to take action with respect to a class, and final relief of
> an injunctive nature or a corresponding declaratory nature, settling the legality of
> the behavior with respect to the class as a whole, is appropriate…. Illustrative are
> various actions in the civil rights field where a party is charged with discriminating
> unlawfully against a class, usually one whose members are incapable of specific
> enumeration.

## THE ADA AND ACCESSIBLE TRANSIENT LODGING

7.     The ADA was signed into law by President George H.W. Bush more than thirty

years ago with the intent to "provide a clear and comprehensive national mandate for the

elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

8.     When the ADA's implementing regulations were revised in 2010, a regulatory

impact analysis found that "[s]ome of the most frequently cited qualitative benefits of increased

access are the increase in one's personal sense of dignity that arises from increased access and the

decrease in possibly humiliating incidents due to accessibility barriers. Struggling [to use a non-

accessible facility] negatively affect[s] a person's sense of independence and can lead to

humiliating accidents, derisive comments, or embarrassment. These humiliations, together with

feelings of being stigmatized as different or inferior from being relegated to use other, less

comfortable or pleasant elements of a facility . . . all have a negative impact on persons with

disabilities." *Final Regulatory Impact Analysis of the Final Revised Regulations Implementing

Titles II and III of the ADA, Including Revised ADA Standards for Accessible Design*, U.S. Dep't

Just. (July 3, 2010).[2]

9.      Title III of the ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

10.      Discrimination on the basis of disability can occur, generally, through a denial of the opportunity to participate in or benefit from goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i)); from affording goods, services, facilities, privileges, advantages, or accommodations that are not equal to those afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii)); from providing goods, services, facilities, privileges, advantages, or accommodations that are separate from those provided to other individuals (42 U.S.C. § 12182(b)(1)(A)(iii)); or from utilizing methods of administration that have the effect of discriminating on the basis of a disability (42 U.S.C. § 12182(b)(1)(D)).

11.      The ADA and its implementing regulations also define prohibited discrimination to include the following: (i) the failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992 (28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv)); (ii) the failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities (28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1)); and (iii) for alterations to public accommodations made after January 26, 1992, the failure to make alterations so that the altered portions of the public accommodation are readily

---

[2] Available at http://www.ada.gov/regs2010/RIA_2010regs/DOJ%20ADA%20Final%20RIA.pdf

accessible to and usable by individuals with disabilities (28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2)).

12.     Pursuant to 42 U.S.C. § 12186(b), the Department of Justice has promulgated the ADA Accessibility Guidelines ("ADAAG") to implement Title III of the ADA. There are two active ADAAGs that set forth the technical requirements that a public accommodation must meet in order to be "readily accessible": the 1991 ADAAG Standards, 28 C.F.R. § pt. 36, App. D ("1991 Standards"), and the 2010 ADAAG Standards, 36 C.F.R. § pt. 1191, App. D ("2010 Standards").[3]

13.     Both the 1991 Standards and the 2010 Standards require places of transient lodging, such as hotels, to provide a certain number of accessible sleeping rooms and suites, determined on a sliding scale based on the total number of guest rooms offered. 1991 Standards §§ 9.1.2-3; 2010 Standards §§ 224.2-4.

14.     The number of accessible guest rooms required is as follows:

| Total Number of Guest Rooms Provided | Minimum Number of Required Accessible Rooms Without Roll-in Showers | Minimum Number of Required Accessible Rooms with Roll-in Showers | Minimum Number of Required Rooms with Communication Features (2010 Standards) | Minimum Number of Required Rooms with Communication Features (1991 Standards) |
|---|---|---|---|---|
| 1 to 25 | 1 | 0 | 2[4] | 1 |
| 26 to 50 | 2 | 0 | 4 | 2 |

---

[3] The absence of an applicable standard does not shield public accommodations from liability under the ADA's general accessibility mandate, codified at 42 U.S.C. § 12182(a). See, for example *Kamal v. Kohl's*, No. 18-CV-25-JDP, 2019 WL 1051007, at *5 (W.D. Wis. March 5, 2019) *"[T]he question is whether [Defendant] failed to remove a barrier to [Plaintiff's] equal access. Regardless of whether the statute or regulations include precise measurements, [Defendant] must still comply with that more general requirement."*
[4] The 2010 Standards uses a range of Total Number of Guest Rooms Provided of "2 to 25" for communication feature requirements, versus the 1991 Standards' "1 to 25".

| 51 to 75 | 3 | 1 | 7 | 3 |
|---|---|---|---|---|
| 76 to 100 | 4 | 1 | 9 | 4 |
| 101 to 150 | 5 | 2 | 12 | 5 |
| 151 to 200 | 6 | 2 | 14 | 6 |
| 201 to 300 | 7 | 3 | 17 | 7 |
| 301 to 400 | 8 | 4 | 20 | 8 |
| 401 to 500 | 9 | 4 | 22 | 9 |
| 501 to 1000 | 2 percent of total | 1 percent of total | 5 percent of total | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100, or fraction thereof, over 1000 | 10, plus 1 for each 100, or fraction thereof, over 1000 | 50, plus 3 for each 100 over 1000 | 20, plus 1 for each 100 over 1000 |

*Id.*

15.    To ensure that individuals with disabilities can make informed decisions regarding reservations for accessible guest rooms, the Department of Justice promulgated 28 C.F.R. § 36.302(e), which provides:

A public accommodation that owns, leases, (or leases to), or operates a place of lodging shall, with respect to reservations made by any means…

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

16.     The ADA requires reasonable modifications in policies, practices, or procedures when necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

17.     The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. 12188(a)(1).

## JURISDICTION AND VENUE

18.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

19.     Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

20.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

21.     Plaintiff  Mullen is, and at all times relevant for purposes of this action was, a resident of Beaver, Pennsylvania.

22.     Plaintiff is a double above-the-knee amputee. As a result of this mobility disability,

Plaintiff is substantially limited in one or more major life activities, particularly with ambulation.

Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the

regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

23.     Plaintiff is both a tester in this litigation and a consumer who wishes to access

Defendant's goods and services.  *See, e.g., Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447,

457 (4th Cir. 2017); *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.,* 867 F.3d 1093, 1102 (9th

Cir. 2017); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211-12

(10th Cir. 2014); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013); *see*

*also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372-74 (1982).

24.     Defendant InterContinental Hotels Group Resources, LLC is a Delaware limited

liability company, and is headquartered at 3 Ravinia Drive, Suite 100, Atlanta, GA 30346.

25.     Defendant Six Continents Hotels, Inc. is a Delaware corporation, and is

headquartered at Suite 1003 Ravinia Drive, Atlanta, GA, 30346.

## FACTUAL ALLEGATIONS

**I.      Defendants Deny Individuals with Disabilities the Full and Equal Enjoyment of Defendant's Goods, Services, Facilities, Privileges, Advantages, and Accommodations.**

26.     Plaintiff travels from time-to-time in and around the western Pennsylvania region,

and while traveling, he prefers to stay at a hotel. Plaintiff requires a mobility-accessible guest room

to accommodate his needs as an individual with a mobility disability.

27.     In the Autumn of 2020, Plaintiff attempted to book a mobility-accessible room at

Defendants' Holiday Inn Express hotel located at 105 Stone Quarry Rd, Monaca, PA 15061 (the

"Subject Hotel").

28.    The Subject Hotel offers guest rooms with queen or king size beds, microwaves and refrigerators, and a common area with a pool, whirlpool, breakfast bar, business center, exercise facility, and meeting rooms.

29.    On information and belief, there are approximately 60 guest rooms available at the Subject Hotel.

30.    Plaintiff wished to stay in an accessible guest room.

31.    When Plaintiff attempted to book an accessible guest room through Defendants' online reservation system, he discovered that this online reservation system's limited, generic descriptions of the available accessibility features on Defendants' website were not sufficient to permit Plaintiff to reasonably and independently discern whether the facility met his accessibility needs.

32.    The following image is a screenshot of the information provided by Defendants' website/online reservation system for Defendants' purportedly accessible guest room that is presented to anyone seeking such a room:



33.     While Defendants' online reservation system does provide general information about accessibility at their hotels and guest rooms, the information is insufficient to permit a potential guest to discern whether the common areas and purportedly accessible guest rooms meet

that guest's accessibility needs. For example, the website and online reservation system have no information about the width of the doorways into and throughout the rooms, the height and operability of the bathroom fixtures, the accessibility of light switches and environmental controls, bed heights, width of routes of travel within the rooms, and height and clearance of the desk and other similar information necessary for a potential customer with a disability to make an informed decision regarding whether a suitable room is available.

34.     Furthermore, Defendants' website offers no information regarding the accessibility of the Subject Hotel's parking, breakfast buffet, coffee dispensers, meeting rooms, business center, indoor pool and whirlpool, and fitness center.

35.     To acquire more information about the accessibility of the Subject Hotel, an individual with a disability would have to call Defendants' guest services.

36.     Plaintiff's experiences with Defendants' online reservation system left him frustrated and deterred because of the limited information, and he was further demoralized that he could not reserve the type of guest room he was seeking and that his only option for an accessible guest room was so limited.

37.     Plaintiff's experience is not isolated. Nearly all of Defendants' locations do not offer accessible guest rooms that are dispersed among the various classes of guest rooms offered to guests who do not need an accessible room, and do not provide choices of the type of guest rooms, number of beds, and other amenities comparable to the options provided to guests who do not need an accessible room.

38.     An investigation performed on behalf of Plaintiff confirmed that, in addition to the Subject Property, Defendants' website fails to adequately describe the accessible features at other hotels across the United States.

39.     For most of Defendants' hotels, Defendants typically offer limited descriptions of the accessible features in common areas and purportedly accessible rooms. For example, in addition to the deficiencies noted above, none of the numerous additional hotels tested on behalf of Plaintiff identified the heights of the beds in the accessible rooms. Information regarding bed height is critical to permit an informed decision regarding whether a room is accessible for a mobility-impaired guest. According to the 2019 J.D. Power North America Hotel Guest Satisfaction IndexStudy, the quality of sleep is the top variable determining guest satisfaction during a hotel stay,[5] yet Defendants' website does not allow prospective guests with disabilities to determine whether they will be able to transfer into beds in purportedly accessible rooms.

## II.     Defendants Exercise Control Over the Website.

40.     Defendants are engaged in the ownership, management, franchising, operation, and/or development of the following hotel brands throughout the United States: InterContinental, Regent Hotels, Six Senses Hotels, Kimpton Hotels and Resorts, Hualuxe, Crowne Plaza, voco Hotels, Hotel Indigo, Holiday Inn, Holiday Inn Express, Holiday Inn club vacations, avid, Candlewood Suites, EVEN Hotels, and Staybridge Suites.

41.     Rooms     for     these     hotel     chains     can     be     reserved     at https://www.ihg.com/hotels/us/en/reservation.

42.     On information and belief,  https://www.ihg.com/hotels/us/en/reservation is owned and operated by Defendants.

---

[5] Available at https://www.jdpower.com/business/press-releases/2019-north-america-hotel-guest-satisfaction-index-nagsi-study (Last retrieved 11/6//2020).

**III.    Defendants' Discrimination has Injured Plaintiff and Individuals with Disabilities.**

43.    As a result of Defendants' non-compliance with the ADA, Plaintiff's right to full, equal, and non-discriminatory access to Defendants' goods, services, facilities, privileges, advantages, and accommodations has been denied.

44.    Defendants' failure to provide an ADA-compliant website and online reservation system, infringes Plaintiff's right to travel free of discrimination.

45.    Plaintiff has suffered, and continues to suffer, frustration, loss of independence, and humiliation because of Defendants' discriminatory practices, policies, and procedures. By continuing to operate their hotels with discriminatory conditions, Defendants contribute to Plaintiff's sense of segregation, and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations available to other members of the public.

46.    Plaintiff will be deterred from returning to Defendants' hotels so long as Defendants' hotels remain non-compliant, and so long as Defendants continue to employ the same policies and practices that have led, and in the future will lead, to inaccessibility, discriminatory conditions, and segregating individuals with disabilities.

47.    As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendants' hotels and reservation systems, are fully accessible to individuals with mobility-related disabilities.

48.    Without injunctive relief, Plaintiff will continue to be unable to fully and equally access Defendants' website and online reservation system in violation of Plaintiff's rights under the ADA.

49.     As set forth herein, Defendants' policies, practices, and procedures are inadequate in that Defendants' website and online reservation system are operated in violation of the accessibility requirements of Title III of the ADA.

50.     Absent a change in Defendants' corporate policies and practices, discrimination and unequal treatment of individuals with disabilities are likely to reoccur.

51.     Accordingly, Plaintiff seeks an injunction to modify the policies and practices that have created or allowed, and will create or allow, the limited, unequal and discriminatory provision of Defendants' goods, services, facilities, privileges, advantages, and accommodations to individuals with disabilities.

## CLASS ALLEGATIONS

52.     Plaintiff brings this action under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure individually and on behalf of the following classes:

> All persons with mobility disabilities who have used, or will attempt to use, Defendants' website and online reservation system to book a room at a hotel franchised, managed, or owned by Defendants.

53.     Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court, and will facilitate judicial economy.

54.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

55.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of,

14

Defendants' facilities and/or services due to Defendants' failure to make its facilities fully accessible and independently usable as above described. The questions of law and fact that are common to the class include, but are not limited to:

   a. Whether Defendants own, operate, and/or control places of public accommodation subject to Title III of the ADA and its implementing regulations;

   b. Whether Defendants' website and online reservation system would permit individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

   c. Whether Defendants' website and online reservation system would permit individuals with disabilities to identify accessible features in Defendants' hotels and guest rooms offered through Defendants' reservation service in enough detail to reasonably and independently assess whether a given hotel or guest room meets his or her accessibility needs; and

   d. Whether Defendants' policies and practices discriminate against Plaintiff and putative class members in violation of Title III of the ADA and its implementing regulations.

56.    Adequacy of Representation: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and he has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

57.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION

## Violations of 42 U.S.C. §§ 12181, *et seq.*

58.     Plaintiff incorporates by reference the allegations contained in all prior paragraphs as if set forth fully herein.

59.     Title III of the ADA applies to Defendants because Defendants own, lease (or lease to), operate or have the right to control places of public accommodation.

60.     Defendants have failed, and continue to fail, to provide individuals with disabilities with full and equal enjoyment of Defendants' hotels. 42 U.S.C. § 12182(a).

61.     Defendants have discriminated against Plaintiff and the class by failing to provide an ADA-compliant website and reservation service that would permit individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms, as well as to identify accessible features in Defendants' hotels and guest rooms offered through Defendants' website and online reservation service in enough detail to assess independently whether a given hotel or guest room meets his or her accessibility needs. 28 C.F.R. § 36.302(e).

62.     Defendants' failure to make reasonable modifications in policies, practices, and procedures to afford the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to individuals with disabilities is discriminatory and in violation of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

63.     Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

64.     Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the class.

65.     Given that Defendants have discriminated against Plaintiff and the class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to individuals without disabilities, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the class, prays for:

a.     A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA, and the relevant implementing regulations of the ADA, in that Defendants have denied Plaintiff and the class full and equal access to Defendants' hotels by failing to provide adequate descriptions of the purportedly accessible features in its hotels' common areas and purportedly accessible rooms;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that directs: (i) Defendants to change their policies and practices to provide fully ADA-compliant website and reservation services as set forth in 28 C.F.R. 36.302(e); and (ii) Plaintiff shall monitor Defendants' hotels to ensure that the injunctive relief ordered above remains in place.

c.     An Order certifying the classes proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

d.     Payment of costs of suit;

e.     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and,

f.      The provision of whatever other relief the Court deems just, equitable, and appropriate.


Dated: November 9, 2020                                    Respectfully submitted,

*/s/ R. Bruce Carlson*
R. Bruce Carlson
Eric Zard
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com
ezard@carlsonlynch.com

*Attorneys for Plaintiff*

18